**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Jean Marie Anderson, Shawn Guse,
Angela Guse, Allen L. Friedland,
Jason M. Beeks, and
Patricia G. Mikelson,

|  |  |
|---|---|
| Plaintiffs, | **MEMORANDUM OPINION AND ORDER** |
| v. | Civil No. 12-230 ADM/AJB |

CitiMortgage, Inc.; Mortgage Electronic
Registration Systems, Inc.;
MERSCORP, Inc.;
RESI WHOLE LOAN II LLC;
Citigroup Global Markets Realty, Inc.;
Federal Home Loan Mortgage Corporation;
Usset Weingarden & Liebo, P.L.L.P.,

Defendants.

_____

William B. Butler, Esq., Butler Liberty Law, LLC, Minneapolis, MN, on behalf of Plaintiffs.

Thomas V. Panoff, Esq., Maritoni D. Kane, Esq., and Lucia Nale, Esq., Mayer Brown LLP, Chicago, IL, and Kelly W. Hoversten, Esq., and John L. Krenn, Esq., Gray Plant Mooty Mooty & Bennett, PA, Minneapolis, MN, on behalf of Defendants CitiMortgage, Inc., Mortgage Electronic Registration Systems, Inc., MERSCORP, Inc., Citigroup Global Markets Realty Corp., and Federal Home Loan Mortgage Corporation.

Jared D. Kemper, Esq., Foley & Mansfield, PLLP, Minneapolis, MN, and Fredrick S. Levin, Esq., and Dawn N. Williams, Esq., Dykema Gossett PLLC, Los Angeles, CA and Chicago, IL, on behalf of Defendant RESI WHOLE LOAN II LLC.

Gerald G. Workinger, Jr., Esq., Usset Weingarden & Liebo PLLP, Minneapolis, MN, on behalf of Defendant Usset Weingarden & Liebo PLLP.

_____

**I.  INTRODUCTION**

On June 13, 2012, the undersigned United States District Judge heard oral argument on

Defendants CitiMortgage, Inc. ("CitiMortgage"), Mortgage Electronic Registrations Systems, Inc.

("MERS"), MERSCORP, Inc. ("MERSCORP"), Citigroup Global Markets Realty Inc. ("Citigroup"),

Federal Home Loan Mortgage Corporation ("Freddie Mac"), and Usset Weingarden & Liebo,

P.L.L.P.'s ("Usset Weingarden & Liebo") Motion to Dismiss [Docket No. 7], Defendant RESI

WHOLE LOAN II LLC's ("RESI") Motion to Dismiss [Docket No. 9], and Usset Weingarden &

Liebo's Motion to Dismiss [Docket No. 16].  Plaintiffs are Minnesota homeowners whose homes were

foreclosed by advertisement.  Am. Compl. [Docket No. 3] ¶¶ 1-5, 36-40.  Plaintiffs assert claims for

quiet title, declaratory judgment, and slander of title.  For the reasons set forth below, the motions are

granted.

## II.  BACKGROUND[1]

### A.  Allegations Related to Plaintiff Jean Marie Anderson

On November 29, 2005, Jean Marie Anderson ("Anderson") executed an original promissory

note and a mortgage deed in favor of ABN AMRO Mortgage Group, Inc. ("ABN AMRO

Mortgage"). Am. Compl. ¶ 1.  Anderson's mortgage deed specified that ABN AMRO Mortgage

could invoke the power of sale in the event of default.  Am. Compl. Ex. A ("Anderson Mortgage") ¶

22.  Anderson alleges her promissory note and mortgage deed have been transferred, assigned, or sold

into a trust underlying a mortgage-backed security.  Am. Compl. ¶ 18.  She avers this trust is governed

by an agreement that requires assignment of the promissory notes and mortgage deed to the corpus of

---

[1] In considering Defendants' Motion to Dismiss, the Court considers the facts alleged in Plaintiffs' Complaint to be true.  See Hamm v. Groose, 15 F.3d 110, 112 (8th Cir. 1994).  The Court may also consider materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record.  Illig v. Union Elec. Co., 652 F.3d 971, 976 (8th Cir. 2011).

the trust, but that this assignment has not been executed or recorded as required by Minnesota law.
Am. Compl. ¶¶ 20-23.

Anderson's home was foreclosed upon by CitiMortgage. Am. Compl. ¶ 30. Notwithstanding
her allegation that her mortgage deed was sold into a trust, CitiMortgage is a successor of the original
mortgagee ABN AMRO Mortgage Group, Inc. by virtue of a merger. The merger was recorded with
Hennepin County, the location of Anderson's property. Aff. of Gerald G. Workinger, Jr. [Docket No.
17] Ex. U.

**B. Allegations Related to Plaintiffs Shawn Guse and Angela Guse**

On May 18, 2005, Shawn Guse and Angela Guse (the "Guses") executed an original
promissory note in favor of Marketplace Home Mortgage, LLC, and executed a mortgage deed in
favor of Defendant MERS. Am. Compl. ¶ 2. The Guses' mortgage deed noted that MERS was the
mortgagee and was acting as a nominee for Marketplace Home Mortgage, LLC. Am. Compl. Ex. 2
("Guse Mortgage") ¶ (C). Their mortgage deed further noted that MERS and its successors and
assigns were granted the power of sale in their property. Guse Mortgage at 3.

As with Anderson, the Guses allege their promissory note and mortgage deed have been
transferred, assigned, or sold into a trust underlying a mortgage-backed security. Am. Compl. ¶ 18.
They aver this trust is governed by an agreement that requires assignment of the promissory notes and
mortgage deed to the corpus of the trust, but that this assignment has not been executed or recorded as
required by Minnesota law. Am. Compl. ¶¶ 20-23.

As with Anderson, CitiMortgage foreclosed on the Guses' home. Am. Compl. ¶ 31. Again,
notwithstanding the allegation that the mortgage deeds have been sold into a trust, public records reveal

recorded transfers of the Guses' mortgage deed from MERS to CitiMortgage.  Aff. of Gerald G.

Workinger, Jr. Ex. I.

**C.  Allegations Related to Plaintiff Allen L. Friedland**

On December 22, 2006, Allen L. Friedland ("Friedland") executed an original promissory note

in favor of First Franklin, a Division of National City Bank, and executed a mortgage deed in favor of

MERS.  Am. Compl. ¶ 3.  As with the Guses, Friedland's mortgage deed noted MERS was the

mortgagee and had the power of sale in Friedland's property.  Am. Compl. Ex. 3 ("Friedland

Mortgage") ¶ (C); id. at 3.  Friedland also alleges his promissory note and mortgage deed were sold

into a trust as required by a mortgage-securitization agreement, but that the assignment was never

executed or recorded.  Am. Compl. ¶¶ 18-23.

Defendant RESI Whole Loan II LLC ("RESI") foreclosed on Friedland's home.  Am. Compl.

¶ 32.  Public records show recorded transfers of Friedland's mortgage deed from MERS to Citigroup

Global Markets Realty Inc. and from Citigroup Global Markets Realty Inc. to RESI.  Decl. of Jared D.

Kemper [Docket No. 19] Exs. 2-3.

**D.  Allegations Related to Plaintiff Jason Beeks**

On August 22, 2003, Jason M. Beeks ("Beeks) executed an original promissory note in favor

of Principal Residential Mortgage, and executed a mortgage deed in favor of MERS.  Am. Comp. ¶ 4.

The mortgage deed specified that MERS was the mortgagee and was granted the property with the

power of sale.  Am. Compl. Ex. 4 ("Beeks Mortgage") ¶ (C); id. at 3.  Beeks alleges his promissory

note and mortgage deed were sold into a trust as required by a mortgage-securitization agreement, but

that the assignment was never executed or recorded.  Am. Compl. ¶¶ 18-23.

CitiMortage foreclosed on Beeks' home.  Am. Compl. ¶ 33.  Public records show recorded transfers of Beeks' mortgage deed from MERS to CitiMortgage.  Aff. of Gerald G. Workinger, Jr. Ex. C.

**E.  Allegations Related to Plaintiff Patricia Mikelson**

On September 10, 2003, Patricia G. Mikelson ("Mikelson") executed an original promissory note and a mortgage deed in favor of ABN AMRO Mortgage Group.  Am. Compl. ¶ 5.  The mortgage deed specified that ABN AMRO Mortgage could invoke the power of sale in the event of default. Am. Compl. Ex. 5 ("Mikelson Mortgage") ¶ 22.  Consistent with the other Plaintiffs, Mikelson alleges her promissory note and mortgage deed were sold into a trust as required by a mortgage-securitization agreement, but that the assignment was never executed or recorded.  Am. Compl. ¶¶ 18-23.

CitiMortgage foreclosed on Mikelson's home, Am. Compl. ¶ 34, and was the successor of ABN AMRO Mortgage by virtue of a merger.  The merger was duly recorded in Scott County, the location of the Mikelson property.  Aff. of Gerald G. Workinger, Jr. Ex. N.

Alleging Defendants lack the power of sale, Plaintiffs commenced this action asserting claims for quiet title and slander of title and seeking a declaratory judgment to resolve the terms of the trust agreements and to determine the Defendants' interest in the properties and right to foreclose.  Plaintiffs also seek another declaratory judgment regarding who can accelerate payment under the Plaintiffs' promissory notes, whether acceleration was appropriate in the cases of the Plaintiffs, and whether the validity of the foreclosures have been affected as a result.  The present motions followed.

### III.  DISCUSSION

**A.  Motion to Dismiss Standard**

A motion to dismiss a complaint for failure to state a claim is governed by Rule 12 of the

Federal Rules of Civil Procedure.  Fed. R. Civ. P. 12(b)(6).  In considering a Rule 12(b)(6) motion,

the court views the pleadings in the light most favorable to the nonmoving party and treats the alleged

facts as true.  See Ossman v. Diana Corp., 825 F. Supp. 870, 879-80 (D. Minn. 1993).  Conclusions

of law made by the nonmoving party, however, are not "blindly accept[ed]."  Westcott v. City of

Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990).  A Rule 12(b)(6) motion to dismiss is granted when the

factual allegations, even assumed to be true, do not entitle that party to relief.  See, e.g., Taxi

Connection v. Dakota, Minn. & E. R.R. Corp., 513 F.3d 823, 826-27 (8th Cir. 2008).  On a motion

to dismiss, a court may refer to public records and documents to which the complaint refers.  Illig, 652

F.3d at 976; Porous Media Corp v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999).

Under Rule 8(a) of the Federal Rules of Civil Procedure, pleadings "shall contain a short and

plain statement of the claim showing that the pleader is entitled to relief."  A pleading must allege

"enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550

U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged."

Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Determining whether a complaint states a plausible

claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial

experience and common sense."  Id.  "But where the well-pleaded facts do not permit the court to infer

more than the mere possibility of misconduct, the complaint has alleged—but not 'shown'—'that the

pleader is entitled to relief.'" Id. (quoting Fed. R. Civ. P. 8(a)(2)).

**B.  Count I–Quiet Title**

Count I of the Amended Complaint asserts claims of quiet title.   Minnesota law allows actions

by a person in possession of real property against another who claims an estate or interest adverse to

the person bringing the action.  Minn. Stat. § 559.01.  Here, Plaintiffs argue they have alleged sufficient

content to survive a motion to dismiss–namely that they are in possession of the properties and that

Defendants' assert interests in those properties adverse to them.  Plaintiffs misunderstand the nature of

a motion to dismiss.  "A motion to dismiss should be granted if 'it appears beyond doubt that the

plaintiff can prove no set of facts which would entitle him to relief.'" Koehler v. Brody, 483 F.3d 590,

596 (8th Cir. 2007) (quoting Knapp v. Hanson, 183 F.3d 786, 788 (8th Cir. 1999)).  Minn. Stat. §

559.01 allows any party in possession of a property faced with an adverse claim by another to bring a

quiet title action, but does not entitle them to relief.  Rather, courts will award whatever remedy is

equitable.  See Gabler v. Fedoruk, 756 N.W.2d 725, 730 (Minn. Ct. App. 2008) ("Actions to quiet

title . . . are equitable actions.").

Here, even if Plaintiffs proved every single fact alleged in the Amended Complaint, the Court

would not exercise its equitable powers to grant relief.  Accepting all Plaintiffs' allegations as true does

not entitle them to relief because their underlying legal theories are without merit or disproved by public

records.  Therefore, allowing their quiet title claims to proceed would be an exercise in futility, and the

motions to dismiss will be granted.  Plaintiffs also allege the liens on their properties are invalid based on

alleged problems with the chains of title of their mortgage deeds and their promissory notes.  The chain

of title arguments and promissory note arguments are discussed in turn below.

### 1.  Chain of Title Arguments

Plaintiffs argue the Defendant that foreclosed on them lacked a valid mortgage because the chain of title was broken.  The foreclosures here were done by advertisement under Minn. Stat. § 580.02.  "If the foreclosing party fails to strictly comply with the statutory requirements, the foreclosure proceeding is void."  Jackson v. Mortgage Elec. Registration Sys., Inc., 770 N.W.2d 487, 494 (Minn. 2009) (citation omitted).  Under Minnesota law, the legal title holder of a mortgage, i.e. the holder of the mortgage deed, may foreclose on a property by advertisement.  Id. at 494–501.  The foreclosure by advertisement statute requires that all assignments of a mortgage deed be recorded before foreclosure by advertisement proceedings may be commenced.  Minn. Stat. § 580.02(3).  If a legal title holder takes the mortgage with notice that the transferor previously made an unrecorded assignment to another, an unrecorded assignment may exist for the purposes of the foreclosure by advertisement statute.  Gewecke v. U.S. Bank, N.A., Civil No. 09-CV-1890, 2011 WL 4538083, at *8 (D. Minn. June 6, 2011).  However, if the legal title holder has no notice of prior unrecorded assignments, any such unrecorded assignments are void.  Id. at *7 (citing Peterson-Price v. U.S. Bank Nat'l Assoc., Civil No. 09-495, 2010 WL 1782188, at *9–10 (D. Minn. May 4, 2010)).  Furthermore, Minnesota law requires assignments of mortgages be in writing and signed by the parties.  See Minn. Stat. § 513.04 ("No estate or interest in lands . . . nor any trust or power . . . concerning lands, or in any manner relating thereto, shall be . . . assigned . . . unless by . . . operation of law, or by deed or conveyance in writing, subscribed by the parties . . . .").

Plaintiffs argue the foreclosures of their homes are void because the chain of title is broken due to unrecorded mortgages.  Specifically, Plaintiffs argue their mortgage deeds were assigned to a trust during the securitization process, and therefore Defendants had notice of prior unrecorded assignments and were not in compliance with Minn. Stat. § 580.02(3).

Plaintiffs arguments regarding the chains of title of their mortgage deeds are unavailing.

Plaintiffs' allegation that the mortgage deeds were "transferred, assigned, and sold" into a trust, Am.

Comp. ¶ 20, is a legal conclusion and is inconsistent with their allegation that these assignments have not

been executed. Am. Compl. ¶ 23. Accepting the allegations in the Amended Complaint as

true–notwithstanding the fact that the mortgage deeds were required to be assigned–the assignments

were not executed. Therefore, those assignments are void under Minnesota's statute of frauds for real

property, Minn. Stat. § 513.04. Therefore, no defect in the chains of title exist. All valid assignments

alleged to exist are matters of public record and reveal no legal concerns.

### 2. Promissory Note Arguments

Plaintiffs also argue the mortgage deeds held by Defendants are invalid because Defendants do

not own the corresponding promissory notes, and to hold otherwise would create liability to two

different entities. This is the "show me the note" theory and is not the law in Minnesota. See Stein v.

Chase Home Finance, LLC, 662 F.3d 976, 980 (8th Cir. 2011) (rejecting notion that legal title holder

of mortgage must also possess corresponding promissory note to commence a foreclosure by

advertisement under Minnesota law).

Plaintiffs also argue that unity of title between the notes and mortgage deeds is required because

the mortgage documents reserve power of sale to the holder of the promissory note. Under Minnesota

law, foreclosure by advertisement requires the power of sale to have become operative. Minn. Stat. §

580.02(1). However, Plaintiffs' allegations in this respect are at odds with the plain language of the

mortgage documents.

Plaintiffs aver that "[t]he power of sale is a remedy reserved to the note holder for non-

payment," and "[t]he plain language of the mortgage reserves the power of sale to the lender, who is

also the note holder." Mem. in Opp. to Bank Defs.' Mot. to Dismiss [Docket No. 25] 17–18. Each

mortgage deed at issue here specifies that in the event of default the "Lender . . . may invoke the power

of sale . . . ."  Compl. Exs. 1-5 at ¶ 22.  Each mortgage deed, in turn, defines the "Lender" as the entity

that was the original payee of each promissory note.  See Compl. Ex. 1 ("Anderson Mortgage") ¶ (C)

(defining "Lender" as ABN AMRO Mortgage Group, Inc.), Ex. 2 ("Guse Mortgage") ¶ (D) (defining

"Lender" as Marketplace Home Mortgage, LLC), Ex. 3 ("Friedland Mortgage") ¶ (D) (defining

"Lender" as First Franklin, a Division of National City Bank), Ex. 4 ("Beeks Mortgage") ¶ (D)

(defining "Lender" as Principal Residential Mortgage, Inc.), Ex. 5 ("Mikelson Mortgage") ¶ (C)

(defining "Lender" as ABN AMRO Mortgage Group, Inc.).  However, the mortgagee of the Guses',

Friedland's, and Beeks' mortgage deed is expressly defined as MERS.  Guse Mortgage ¶ (C),

Friedland Mortgage ¶ (C), Beeks Mortgage ¶ (C).  Those mortgage deeds further provide that the

mortgagors "mortgage, grant and convey to MERS . . . *and to the successors and assigns of MERS,*

*with power of sale*" each property.  Guse Mortgage at 3, Friedland Mortgage at 3, Beeks Mortgage

at 3.  Here, an assignee of MERS exercised the power of sale in the Guses', Friedland's, and Beeks'

case.  The mortgage documents required nothing more.  Therefore, the quiet title claims of those parties

are dismissed with prejudice.

       With respect to the Anderson and Mikelson, the original mortgagee of their mortgage deeds

and the original payee of their promissory notes was ABN AMRO Mortgage Group, Inc.  Therefore,

the "Lender" as defined in their mortgage deeds is both the mortgagee and the payee of their notes.

Their mortgage documents, however, are silent as to what the effect would be of assignment of the

promissory note and mortgage deed to separate entities.  Under Minnesota law, "in the absence of a

contrary indication, the parties presumedly incorporated existing law into their contract."  Career Res.,

Inc. v. Pearson Candy Co., 435 N.W.2d 114, 116 (Minn. Ct. App. 1989) (citations omitted).  It has

been settled law in Minnesota for over a century that the power of sale is part of a mortgage and passes

to an assignee and, no matter how many interests are divided in the debt, the power of sale can be

exercised only by the holder or holders of legal title to the mortgage deed.  Dunning v. McDonald, 55

N.W. 864, 865 (Minn. 1893); see also Brown v. Delaney, 22 Minn. 349, 1876 WL 4182, at *1

(Minn. 1876) ("The power of sale [is] a part of the mortgage, and would pass [by assignment] with

it.").  Therefore, the parties to the Anderson and Mikelson mortgage deeds are presumed to have

incorporated this rule into their contracts.  The powers of sale passed to the assignee of the mortgage

deeds, here CitiMortgage.  CitiMortgage is the entity alleged to have exercised the power of sale in

both Anderson and Mikelson's cases, and therefore their quiet title claims are dismissed with prejudice.

### 3.  Other Arguments

In a "scatter gun" approach, in addition to the allegations already discussed, Plaintiffs include

other legal conclusions couched as factual allegations supporting their quiet title claims.  However,

Plaintiffs have not advanced any arguments in support of these other allegations and they are deemed

waived.  See United States v. Ortega, 2010 WL 3269805, at *11 (D. Minn. May 25, 2010)

("Because Defendants have not raised the argument in their briefs, they have waived it.").  Having

disposed of Plaintiffs' arguments related to chain of title and the promissory notes, these other bases

will not be considered.

## C.  Count II-Declaratory Judgment

In Count II of the Amended Complaint, Plaintiffs seek declaratory judgment "resolv[ing] and

determin[ing] the terms of the trust agreements and to determine if Defendants have any true interest in

or right to foreclose on their properties."  Am. Compl. ¶ 53.  As discussed above, Defendants have a

true interest in and right to foreclose on Plaintiffs' properties as the legal title owners of Plaintiffs'

mortgage deeds.  Therefore, Count II is dismissed to the extent it seeks a contrary declaration.  To the

extent Count II seeks to resolve or determine the terms of the trust agreements, they are not parties to

those agreements and do not have standing to bring their claim.  Greene v. Home Loan Servs., Inc.,

Civil No. 09-719, 2010 WL 3749243, at *4 (D. Minn. Sept. 21, 2010).  Count II is dismissed on

these grounds as well.

**D.  Count III–Declaratory Judgment**

In Count III of the Amended Complaint, Plaintiffs seek to declare who can accelerate the

promissory note balances, whether acceleration was done correctly here, and if not accelerated

correctly what effect there is on the validity of the foreclosures.  Am. Compl. ¶ 59.  Beyond the unity of

title of the notes and mortgage deeds arguments already discussed, Plaintiffs have pleaded no further

allegations raising a plausible inference that acceleration was done by the wrong party or was otherwise

faulty or somehow affects the validity of the foreclosures, and therefore Count III is dismissed.

**E.  Count IV–Slander of Title**

In Count IV, Plaintiffs assert claims for slander of title against all Defendants.  In Minnesota, the

elements for a slander of title claim are: a false statement concerning real property owned by the

plaintiffs, the false statement was published to others, the false statement was published maliciously, and

publication of the false statement caused plaintiff pecuniary loss in the form of special damages.  Paidar

v. Hughes, 615 N.W.2d 276, 279–80 (Minn. 2000).  Plaintiffs have identified no false statement

concerning their real property, and their slander of title claims are therefore dismissed.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY**

**ORDERED** that:

1. Defendants CitiMortgage, MERS, MERSCORP, Citigroup, Freddie Mac, and Usset

   Weingarden & Liebo's Motion to Dismiss [Docket No. 7] is **GRANTED**;

2. Defendant RESI's Motion to Dismiss [Docket No. 9] is **GRANTED**;

3.  Defendant Usset Weingarden & Liebo's Motion to Dismiss [Docket No. 16] is

**GRANTED**; and

4.  All claims in the Amended Complaint [Docket No. 3] are **DISMISSED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**

                                                     BY THE COURT:

                                                   s/Ann D. Montgomery
                                             ANN D. MONTGOMERY
                                             U.S. DISTRICT JUDGE

Dated:  July 24, 2012.