UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jean Marie Anderson, Shawn Guse and
Angela Guse, Allen L. Friedland, Jason M.
Beeks, and Patricia G. Mikelson,

        Plaintiffs,

v.

CitiMortgage, Inc., Mortgage Electronic
Registration Systems, Inc., MERSCORP,
Inc., RESI Whole Loan II LLC, Citigroup
Global Markets Realty Corp., Federal Home
Loan Mortgage Corp., and Usset, Weingarden
& Liebo, PLLP,

        Defendants.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 12-230 ADM/AJB

---

William B. Butler, Esq., Butler Liberty Law, LLC, Minneapolis, MN, on behalf of Plaintiffs.

Maritoni D. Kane, Esq., Lucia Nale, Esq., and Thomas V. Panoff, Esq., Mayer Brown LLP, Chicago, IL; John L. Krenn, Esq., and Kelly W. Hoversten, Esq., Gray Plant Mooty Mooty & Bennett, P.A., Minneapolis, MN; Dawn N. Williams, Esq., and Fredrick S. Levin, Esq., Dykema Gossett PLLC, Chicago, IL and Los Angeles, CA; Jared D. Kemper, Esq., Foley & Mansfield, PLLP, Minneapolis, MN; Gerald G. Workinger, Esq., Usset, Weingarden & Liebo PLLP, Minneapolis, MN, on behalf of Defendants.

---

## I. INTRODUCTION

On October 17, 2012, the undersigned United States District Judge heard oral argument by Defendants CitiMortgage, Inc., Mortgage Electronic Registration Systems, Inc., MERSCORP, Inc., RESI Whole Loan II LLC, Citigroup Global Markets Realty Corp., Federal Home Loan Mortgage Corporation ("Freddie Mac"), and Usset, Weingarden & Liebo, P.L.L.P. (collectively, "Defendants") on Defendants' Motion for Sanctions [Docket No. 46]. Plaintiffs' attorney William B. Butler ("Butler") opposes the motion. For the reasons set forth below, the motion is granted.

## II. BACKGROUND

Plaintiffs filed a Complaint in Scott County District Court on December 27, 2011. Defendants filed a Notice of Removal [Docket No. 1] on January 27, 2012, based on 12 U.S.C. § 1452, which authorizes Freddie Mac to remove any state court civil action to federal court. Notice of Removal 5 ¶ 7. On February 7, 2012, Butler filed a Motion for Remand [Docket No. 11] on behalf of Plaintiffs. In response, and prior to any briefing, Defendants sent Butler a letter asking him to withdraw his motion for remand and reminding him of the possibility of sanctions for filing a motion without appropriate legal justification. Decl. Kelly Hoversten, Ex. 1, March 6, 2012 [Docket No. 32]. Butler did not respond; instead on March 13, he submitted Memorandum in Support of the Motion to Remand [Docket No. 22]. On March 30, Defendants filed their Memorandum in Opposition to the Motion to Remand [Docket No. 31]. Chief Magistrate Judge Arthur J. Boylan heard the parties' arguments on April 6, 2012, and issued a Report and Recommendation [Docket No. 35] ("R&R") on April 25. Denying Plaintiffs' Motion to Remand, Judge Boylan noted "the motion to remand in the face of [Defendants'] clear right to removal is plainly frivolous." Id. at 4. The District Court adopted Judge Boylan's R&R. On July 24, the Court granted Defendants' Motions to Dismiss [Docket No. 42]. On August 23, 2012, Defendants filed this Motion for Sanctions against Plaintiffs' Counsel.

## III. DISCUSSION

Pursuant to Rule 11 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1927, and the Court's inherent authority to sanction, Defendants urge this Court to reprimand Butler for his continued frivolous claims and baseless litigation. Butler, in response, asserts that sanctions are inappropriate because Defendants brought their Rule 11 claims in an untimely manner and because in this case, he has not violated Rule 11. Butler further argues that sanctions are not

warranted under 28 USC § 1927 because there has been no multiplication of proceedings and the claims in this case are not vexatious and unreasonable. Butler does not address the courts inherent authority to impose sanctions.

Sanctions are imposed when a pleading is submitted for an improper purpose, "such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation. Fed. R. Civ. P. 11(b)(1). Sanctions are also warranted if the legal claims are not "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). A court may also impose sanctions under 28 U.S.C. § 1927, which permits a court to award attorneys' fees and costs incurred as a result of attorney conduct which "so multiplies the proceedings in any case unreasonably and vexatiously." Objectively bad faith behavior, or the reckless filing of a frivolous claim, are appropriate triggers for attorneys' fees under 28 U.S.C. § 1927. See Jones v. United Parcel Serv., Inc., 460 F.3d 1004, 1011 (8th Cir. 2006) (quoting 28 U.S.C. § 1927) ("A court may require counsel to satisfy personally attorneys' fees reasonably incurred by an opposing party when counsel's conduct 'multiplies the proceedings in any case unreasonably and vexatiously.'"). "Where a refusal to dismiss compounds the misconduct in bringing a claim, sanctions under § 1927 are appropriate." Bergeron v. Nw. Pub. Inc., No. 94-1124, 1996 WL 210789, at *9 (D. Minn. Jan. 12, 1996). In addition to Rule 11 and 28 U.S.C. § 1927, a court also retains its inherent authority and considerable discretion in sanctioning attorney misconduct. Chambers v. NASCO, Inc., 501 U.S. 32 (1991).

Butler has become familiar with the assessment of sanctions in his cases in this district. He has been admonished for similar conduct in several other cases, including Blaylock v. Wells Fargo Bank, N.A., No. 12-693, 2012 U.S. Dist. LEXIS 90246 (D. Minn. June 29, 2012) modified

by costs and fees proceeding, 2012 U.S. Dist. LEXIS 119383 (D. Minn. Aug. 23, 2012) (requiring payment of attorney costs of $9,532.35 in addition to a Rule 11 sanction of $75,000). In Blaylock, Butler filed a motion to remand, made repeated attempts to assert the rejected "show me the note" theory, and made baseless quiet title claims. Id. at *30. This case demonstrates Butler's continued unwillingness to abide by the rules. Butler did not withdraw the motion even though Defendants alerted him to the possibility of sanctions. As a result, Butler delayed adjudication of the underlying case when he filed his Motion to Remand. A hearing had to be scheduled and Defendants were required to respond with legal memoranda. Judge Boylan found Butler's motion "plainly frivolous." R&R at 4.

Because Defendants waited until after the dismissal of the underlying case before filing this Motion for Sanctions, the Court declines to impose sanctions under Rule 11. Defendants also advised the Court they did not submit proof of attorneys' fees because what they seek from the Court is an admonishment of Butler's continued frivolous filings. Defendants estimated at oral argument that responding to Butler's frivolous motion to remand and arguing the motion in front of Judge Boylan required 45 hours at $325 per hour. The hourly rate estimate is in line with the rate the court found appropriate in Blaylock. 2012 U.S. Dist. LEXIS 119383 at *2-3. Rather than have the defense attorneys prepare a costs and fees affidavit, preparation for which will only increase the cost of attorney's fees, sanctions will rest here on the "court's equitable power concerning relations between the parties" and rest on the court's inherent authority to "police itself, thus serving the dual purpose of (1) vindicating judicial authority without resort to the more drastic sanctions available for contempt of court and (2) making the prevailing party whole for expenses caused by his opponent's obstinacy." Chambers, 501 U.S. at 46 (internal quotation omitted). Butler's actions warrant sanctions because he unreasonably filed his Motion

to Remand.  Butler clearly knows that his Motion for Remand would have no more success than the same motion in Blaylock.  2012 U.S. Dist. LEXIS 90246, at *19-22.  The conclusion is Butler filed this motion in bad faith to delay proceedings.  Defendants estimate attorneys' fees of approximately $14,625, but the Court finds under the circumstances that $5,000 serves as an appropriate sanction to satisfy judicial economy and reflect attorneys' extra work in response to Butler's continued filing of unreasonable motions to remand.

## IV.  CONCLUSION

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED**: Defendants' Motion for Sanctions [Docket No. 46] is **GRANTED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  October 29, 2012.